
FILED
2009 Apr-02  PM 04:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS J. BLANKS, | ] |
| | ] |
| Plaintiff, | ] |
| | ] |
| vs. | ]   2:08-CV-00409-LSC |
| | ] |
| MICHAEL J. ASTRUE, | ] |
| Commissioner, | ] |
| Social Security Administration, | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The claimant, Thomas J. Blanks, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI").  Mr. Blanks timely pursued and exhausted his administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Mr. Blanks was thirty-five years old at the time of the Administrative Law Judge's ("ALJ's") decision, and he completed the twelfth grade in special

education classes. (Doc. 7 at 2, Tr. at 79.) His past work experience includes employment as a groundskeeper/maintenance worker and pattern machine operator. (Tr. at 76-77, 95-99, 114-19, 369, 371-74.) Mr. Blanks claims that he became disabled on July 25, 2005, due to a learning disability, narcolepsy, back pain, and knee pain. *Id.* at 70, 75, 323, 368-69, 376.

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id*. If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*. The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§

404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. (*Id.*) If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Mr. Blanks "meets the insured status requirements through December 31, 2009." (Tr. at 17.)  He further determined that Mr. Blanks has not engaged in substantial gainful activity since the alleged onset of his disability.  *Id*. According to the ALJ, Plaintiff's spina bifida occulta with low back pain; bilateral hearing loss, mild idiopathic hypersomnolence; an adjustment disorder; a depressive disorder, a history of closed head injury/trauma, and a history of narcolepsy are considered "severe" based on the requirements set forth in the regulations.  *Id*.  Additionally, the ALJ found that, in terms of intelligence, Claimant is "Borderline Intellectual Functioning to Low Average Intelligence."  *Id*.  However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  *Id*. at 26.  The ALJ determined that Mr. Blanks has the residual functional capacity to

> perform a range of medium work with the ability to stand two hours at one time and eight hours total; walk one hour at one time and six hours total with unlimited sitting during an eight-hour workday.  The claimant can constantly lift and/or carry 10 pounds; frequently 20 pounds; occasionally 30 pounds (has back pain at this point); and never carry over 35 pounds.  He can occasionally balance, stoop, kneel, crouch, and/or crawl.  The

>claimant can frequently use his lower extremities bilaterally for pushing and/or pulling movements and/or climb. He can constantly use his upper extremities, bilaterally for pushing and/or pulling movements; handling; fingering; feeling; talking; and/or reaching overhead. The claimant can frequently work in and/or around temperature extremes; wetness/humidity; vibration; exposure to fumes, noxious odors, dust, mists, gases, or poor ventilation; proximity to moving mechanical parts; and driving automotive equipment, but he should never work in and/or around unprotected heights. The claimant has a borderline to low average range of intelligence. The claimant can understand, carry out, and remember simple instructions; make simple work related decisions; respond appropriately to supervision, coworkers, and work situations; and/or deal with changes in routine. The claimant would require hearing aids for amplification. The claimant experiences mild to moderate pain which occasionally interferes with concentration, persistence or pace for extended periods.

*Id.* at 27-28.

The ALJ then determined Claimant can perform "past relevant work as a grounds keeper/maintenance (cutting grass) (semi-skilled, medium) and as a pattern machine operator (semi-skilled, light to medium)." (Tr. at 31.) Employing the testimony of a vocational expert, the ALJ determined that Mr. Blanks could perform specific jobs that exist in a significant number in the national economy based on his RFC. *Id.* at 32. These jobs include work as an assembler (unskilled, light) (11,100 jobs regionally, 555,000 nationally), hand-packer (unskilled, light) (4,200 jobs regionally, 210,000 nationally), and

machine operator (unskilled, light) (5,000 jobs regionally, 250,000 nationally). *Id.* Accordingly, the ALJ entered a finding that Plaintiff was "not under a disability, as defined in the Social Security Act, from July 25, 2005 through the date of this decision." *Id.*

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).  The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's

finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

When Mr. Blanks filed the instant action on March 7, 2008, he alleged that the ALJ's decision was not supported by substantial evidence and new and material evidence shows the decision was contrary to law and regulation. (Doc. 1 at 2-3 ¶ 4.) Mr. Blanks, however, failed to submit any brief, argument, list of authorities, or statement in support of his claims. The Commissioner filed a brief (Doc. 7), and Mr. Blanks did not submit a reply.

Deadlines for submissions have passed, and the issues in this case are now ripe for decision.  Mr. Blanks has failed to point to any errors in the ALJ's opinion despite the fact that he has had three opportunities to do so: (1) his complaint, (2) an initial brief in support of his claim, and (3) a reply to the Commissioner's brief.  This Court, however, has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record.  Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence.  The ALJ did not err when he concluded that Mr. Blanks is not disabled.

IV.   Conclusion.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner will be affirmed by separate order.

Done this 2nd day of April 2009.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671